IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

YUSUF HERI BAKARI MJILI,                     Case No. 16-cv-173-pp

        Petitioner,

v.

WILLIAM POLLARD,[1]

        Respondent.

**ORDER DENYING AS MOOT THE PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 7), SCREENING THE AMENDED PETITION (DKT. NO. 6) AND REQUIRING A RESPONSE**

**INTRODUCTION**

On February 16, 2016, petitioner Yusuf Heri Bakari Mjili (currently detained at the Dodge County Detention Facility) filed an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 By a Person in Custody. Dkt. No. 1. The document was eight pages long, although the official form for filing petitions under §2241 is thirteen pages, not counting the instruction page. Without the missing pages, the court could not determine what the petitioner alleged the respondents had done, why he asserted that their actions were wrong, or what he wanted the court to do. Therefore, the court ordered the petitioner to file an amended complaint by Friday April 28, 2016. Dkt. No. 4.

---

[1] The petitioner named the Department of Homeland Security, ICE, and Sheriff Dale Schmidt as respondents. The proper respondent in this case is Warden William Pollard, because he has day-to-day control over the petitioner at Dodge County Correctional. Robledo-Gonzales v. Ashcroft, 342 F.3d 667, 672-73 (7th Cir. 2003). The court will substitute Warden Pollard as the respondent in this case and will dismiss the other parties from this action.

1

On March 9, 2016, the petitioner filed an amended petition. Dkt. No. 6. With the petition, he filed a motion for leave to proceed *in forma pauperis*. Dkt. No. 7. When the petitioner filed his first petition on February 16, 2016, however, he paid the $5.00 filing fee in full. He does not have to pay a second filing fee for filing an amended petition. Therefore, the court will deny as moot the petitioner's motion to proceed without paying the filing fee. Because the petitioner has paid the filing fee in full and has timely filed an amended petition, the court will now screen his petition.

**SCREENING THE AMENDED PETITION**

On March 9, 2016, the petitioner filed an amended *habeas corpus* petition pursuant to 28 U.S.C. §2241. Dkt. No. 6. The petitioner currently is incarcerated at Dodge County Detention Facility. Id. at 1. His petition challenges his detention by Immigration and Customs Enforcement ("ICE"). Id. at 2. He asserts that on April 20, 2015, ICE issued a "final order of removal (deportation)" for the petitioner. Id. at 2, 4. At the time he filled out the petition, the petitioner had "been detailed as an immigration detainee" for about ten months. Id. at 4. This petition is his first and only challenge to this detention. Id. at 5-9.

On pages 10-12 of the petition, the petitioner provides four grounds for relief, and describes what he would like the court to do. He entitles ground one, "Unavailability of Travel Documents in foreseeable Future." Id. at 10. According to the petitioner, the government of Tanzania has not issued him travel documents in the ten months prior to the date he filed the amended complaint,

2

Case 2:16-cv-00173-PP    Filed 05/26/16    Page 2 of 6    Document 10

"claiming that Mr. Yusuf Mjili is NOT a citizen of Tanzania. Therefore no Travel documents will be issued in foreseeable Future." Id.

In ground two, the petitioner states that he has been in ICE custody "for Ten Months after Signing the Final order of Removal documents presented by ICE Agent." Id. He indicates that he was placed into ICE custody on April 20, 2015, and that he signed the final order of removal (issued by the immigration judge) the same day. Id. at 6-7. The petitioner states that he has "Fully with ICE Agents by signing any and . . . every document presented by ICE in order to Facilitate the Removal Process to the Native Country of Tanzania." Id. at 11.

Third, the petitioner asserts that he qualifies for release "under Supervision or Release under the order of Supervision." Id. Because Tanzania will not issue travel documents "in the foreseeable Future," the petitioner requests that ICE release him. Id. He notes that he has "Friends in Chicago and Des Moine, IA[] who are willing and able to live with him for the Time being." Id.

Finally, in his fourth ground for relief, alleges that he "has been attending AA, NA and Work Programs offered by Dodge County detention facility," so that he can improve and be a productive member of society. Id. at 12. He asserts that he "intend[s] to continue with Rehabilitation" if released "by attending Various Sub[s]tance Abuse Education in order to be a Productive Member of Society." Id.

Page 12 of the petition contains a section entitled "Request for Relief." It asks the petitioner to "[s]tate exactly what you want the court to do for you." Id.

3

In this section, the petitioner "ask[s] the Court to order his Release from Custody of U.S. Immigration and Customs Enforcement (ICE)." Id. He again emphasizes that Tanzania will not issue travel documents any time soon. Because of that and because he has been detained for ten (now thirteen) months, he "should be released." Id.

In accordance with Rule 1(b) of the Rules Governing 2254 Cases and Civil L. R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345614, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

According to the petitioner, ICE issued a final order of removal on April 20, 2015. "There is a constitutional presumption that the government must secure removal within six months following a final order of removal." Belafkih v. Dep't. of Homeland Sec., No. 07-C-452, 2007 WL 1651327, at *1 (E.D. Wis. June 5, 2007). "'After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence

4

sufficient to rebut that showing.'" Id. (quoting Zadvydas v. Davis, 533 U.S. 678, 701 (2001)).

If what the petitioner asserts is true, he has been detained for twice the "presumptive 6-month period." Id. The petitioner consistently "notes difficulty securing appropriate travel documents from the [Tanzanian] government." Id. Because the petitioner has provided sufficient reasons that there is no significant likelihood of removal in the foreseeable future, the respondent must respond with evidence to rebut the petitioner's statements.

The court notes that the Immigration and Naturalization Act (INA) allows a court to stay a removal period. 8 U.S.C. §1231. Under the INA,

> the removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231(a)(1)(B)(i)-(iii). The petitioner alleges that the removal period began to run on April 20, 2015. For the purposes of screening, the court accepts that allegation. In addition to responding to the petition, the respondent may dispute the timing of the removal period.

5

**CONCLUSION**

The court **DISMISSES** respondents Department of Homeland Security, ICE, and Dale Schmidt. The court **ORDERS** that the clerk of court substitute Warden William Pollard as the respondent in this case.

The court **DENIES AS MOOT** the petitioner's motion for leave to proceed *in forma pauperis* (Dkt. No. 7).

The court **ORDERS** the respondent to file an answer showing cause, if any, why a writ should not issue with respect to the petition for *habeas corpus*. The court **ORDERS** the respondent to file the answer within **thirty (30) days of the date of this order**. If the petitioner chooses to file a reply, the court **ORDERS** the petitioner to file any reply in support of his petition within **fourteen (14) days** of the filing of the respondent's answer.

The court will send a copy of the petition and this order to the Warden of Dodge Correctional Institution. Pursuant to Fed. R. Civ. P. 4(i), the court will also send a copy of the petition and this order to the United States Attorney for this District, and via registered or certified mail to the United States Attorney General in Washington, D.C., the United States Immigration and Customs Enforcement, and the United States Department of Homeland Security.

Dated in Milwaukee, Wisconsin this 26th day of May, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

6