YUSUF MJILI,

    Petitioner,

                                       Case No. 16-CV-173-PP

v.

WILLIAM POLLARD,

    Respondent.

**ORDER DENYING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1) AND DISMISSING THE CASE.**

    The petitioner, Yusuf Mjili, is representing himself. On February 16, 2016, he filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Dkt. No. 1. At the time he filed the petition, the petitioner was being held in the Dodge County Detention Facility on an immigration hold issued by the Department of Homeland Security/Immigrations and Customs Enforcement. Id. The petitioner, however, did not file the entire petition; specifically, the petition was missing the pages that explained why he was seeking relief, and what kind of relief he was seeking.

    On February 18, 2016, the court issued an order requiring the petitioner to amend the petition, requiring that he file a complete petition. Dkt. No. 4. The petitioner filed the amended petition on March 9, 2016, explaining that he'd been held for ten months, and that he'd learned that the government of Tanzania would not be issuing him any travel documents. Dkt. No. 6.

1

Accordingly, on May 26, 2016, the court issued an order screening the petition, and requiring the respondent to file an answer within thirty days—in other words, by approximately June 27, 2016. Dkt. No. 10. Due to the fact that as of July 29, 2016, the respondent had failed to file a response, the court ordered the respondent to file an answer or a document showing cause why he failed to meet the court's deadline. Dkt. No. 12. The respondent filed a response on August 24, 2016. Dkt. No. 14. For the following reasons, the court the must deny the petition.

**I.    BACKGROUND**

On March 9, 2016, the petitioner filed an amended habeas corpus petition pursuant to 28 U.S.C. §2241. Dkt. No. 6. At the time, he was incarcerated at Dodge County Detention Facility. Id. at 1. His petition challenges his detention by Immigration and Customs Enforcement ("ICE"). Id. at 2. He asserts that on April 20, 2015, ICE issued a "final order of removal (deportation)" for the petitioner. Id. at 2, 4. At the time he filled out the petition, the petitioner had been detained for about ten months. Id. at 4. This petition was his first and only challenge to this detention. Id. at 5-9.

On pages 10-12 of the amended petition, the petitioner provides four grounds for relief, and describes what he would like the court to do. He entitles ground one, "Unavailability of Travel Documents in foreseeable Future." Id. at 10. According to the petitioner, the government of Tanzania has not issued him travel documents in the ten months prior to the date he filed the amended complaint, "claiming that Mr. Yusuf Mjili is NOT a citizen of Tanzania.

2

Therefore no Travel documents will be issued in foreseeable Future." Id.

In ground two, the petitioner states that he has been in ICE custody "for Ten Months after Signing the Final order of Removal documents presented by ICE Agent." Id. He indicates that he was placed in ICE custody on April 20, 2015, and that he signed the final order of removal (issued by the immigration judge) the same day. Id. at 6-7. The petitioner states that he has "Fully [cooperated] with ICE Agents by signing any and . . . every document presented by ICE in order to Facilitate the Removal Process to the Native Country of Tanzania." Id. at 11.

Third, the petitioner asserts that he qualifies for release "under Supervision or Release under the order of Supervision." Id. Because Tanzania will not issue travel documents "in the foreseeable Future," the petitioner requests that ICE release him. Id. He notes that he has "Friends in Chicago and Des Moine, IA[] who are willing and able to live with him for the Time being." Id.

Finally, in his fourth ground for relief, the petitioner alleges that he "has been attending AA, NA and Work Programs offered by Dodge County detention facility," so that he can improve and be a productive member of society. Id. at 12. He asserts that he "intend[s] to continue with Rehabilitation" if released "by attending Various Sub[s]tance Abuse Education in order to be a Productive Member of Society." Id.

Page 12 of the petition contains a section entitled "Request for Relief." It asks the petitioner to "[s]tate exactly what you want the court to do for you." Id.

In this section, the petitioner "ask[s] the Court to order his Release from Custody of U.S. Immigration and Customs Enforcement (ICE)." Id. He again emphasizes that Tanzania will not issue travel documents any time soon and that he should be released. Id.

On August 24, 2016, the respondent filed the response to the petition. Dkt. No. 14. The respondent informed the court that the petitioner had been released from custody on May 24, 2016 and asked the court to dismiss the petition as moot. Id. at 2.

## II. DISCUSSION

Under 8 U.S.C. §1231(a)(3), an alien can be detained for ninety days pending removal. Some aliens, including those who have committed certain crimes or "have been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period," and if they are released, may be subject to other terms of supervision. See 8 U.S.C. §1231(a)(6). In Zadvydas v. Davis, the Supreme Court concluded that six months was a presumptively reasonable time to detain an alien pending removal under §1231(a)(6). Zadvydas v. Davis, 533 U.S. 678, 701 (2001); but see 8 C.F.R. §241.14.

*Habeas corpus* is the appropriate vehicle for obtaining release from immigration custody where there is an inordinate delay pending removal. See Zadvydas, 533 U.S. at 687 (under 28 U.S.C. § 2241(c)(3) (federal courts have jurisdiction to consider post-removal period detention cases). Under 28 U.S.C. § 2241(c), a writ of *habeas corpus* "shall not extend to a prisoner" unless he is

4

"in custody." The "in custody" requirement is satisfied at the time of the filing of the petition. Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citing Carafas v. La Vallee, 391 U.S. 234, 238 (1968) and Maleng v. Cook, 490 U.S. 488, 490-491 (1989)). A post-removal detainee "who is released while his petition for writ of *habeas corpus* is pending still meets the 'in custody' requirement; his release does not necessarily render his petition moot." Othman v. Gonzales, No. 07-cv-13, 2010 WL 1132669, at *2 (S.D. Ill., Mar. 1, 2010).

The petition still must, however, present a "case or controversy" under Article III, §2 of the Constitution for the court to be able to grant relief to the petitioner. That means the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990)). The Seventh Circuit has directed lower courts to "dismiss a case as moot when it cannot give the petitioner any effective relief." A.M. v. Butler, 360 F.3d 787, 790 (7th Cir. 2004). After a *habeas* petitioner has been released from custody, the petitioner must demonstrate that some "concrete and continuing injury" or "collateral consequences" must have resulted from the detention in order for the suit to present a continued case or controversy. Spencer, 523 U.S. at 7 (citing Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968)).

In this case, the petitioner challenged his continuing detention and sought to be released from custody pending removal, but he did not challenge the validity of the removal order itself. See Dkt. No. 6. Indeed, he stated that

5

he "has cooperated fully with all efforts by ICE to remove him from the United States . . . ." Id. at 11. He was even amenable to release under supervision. Id. Accordingly, the court cannot ascertain any injury (other than the fact of being detained) from his confinement at the detention center, or from any order restricting his freedom after release. See Alvarez v. Holder, 454 F. App'x 769, 772-73 (11th Cir. 2011) (concluding that a *habeas* petition was not mooted by the petitioner's release from ICE custody because he remained subject to a supervised release order, which the petitioner challenged). For this reason, the court will deny the petition as moot.

In a situation like this, the court has the discretion to provide the petitioner with a chance to file a document detailing any injury. Unfortunately, the petitioner has not updated his address since his release, dkt. no. 11, and the court has no way of contacting him. Furthermore, the respondent released the petitioner pursuant to a supervision order, dkt. no. 14-1 at 4–a solution that the petitioner recommended. See Dkt. No. 6 at 11. Nevertheless, if, within a reasonable amount of time, the petitioner files a motion to reopen, and the court will consider vacating this order.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists

6

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (internal quotation marks omitted).

The court concludes that its decision to dismiss the petitioner's case as moot is neither incorrect nor debatable among jurists of reason. The petition challenged the petitioner's detention and he was later released.

## IV. CONCLUSION

For the reasons explained above, the court **DENIES** the petitioner's writ of *habeas corpus* as moot, and **DISMISSES** the petition. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 6th day of September, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge